Betty Robinson, Appellant *v.* Commonwealth of Pennsylvania, Department of Public Welfare.

Argued March 7, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Thomas C. Reed,* for appellant.

*Linda M. Gunn,* Assistant Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 25, 1977:

This appeal arises from the decision of a hearing officer which held appellant's appeal of the termination of the welfare benefits for her two children not to have been timely filed. Appellant was sent a form 162-C,[1] on December 18, 1975, which informed her that welfare benefits for her two children would be term-

---

[1] A form 162-C is used to confirm actions taken by the County Assistance Office. *See* DPW-OIM-PA MANUAL §3512.31. This form 162-C is used in several specific limited instances, one of which is when a recipient requests assistance to be terminated. *Id.*

inated as of January 14, 1976. This notice also informed appellant of her right to appeal this termination under Section 3590 of the Department of Public Welfare's (Department) regulations and the time limitations placed on such appeals. Section 3590.1 states in pertinent part:

An applicant or recipient must exercise his right of appeal within the following time limits:

a. Thirty (30) days from the date of written notice (PA 162, PA 162-A, PA 162-C) of a County Assistance Office decision or action.

. . . .

Appeals which do not meet the above time limitations will be dismissed without a hearing.

Further, the form 162-C informed appellant that the reason for the termination was appellant's own request that the benefits be terminated which was made to the caseworker on December 16, 1975. Appellant did not file her appeal until February 20, 1976, well over the thirty day limit prescribed by Department regulations.

The primary issue on appeal is whether the notice of termination of benefits sent to appellant is adequate, as a matter of law, under Department regulations.

Under the Department's regulation Section 3512.3 a form 162-C must include the following:

The notice (PA 162-C or PA 162-A) must contain the following:

(1) A statement of the action taken or to be taken and the effective date:

a. For a grant, the amount of the new semimonthly grant;

b. For Food Stamps, the amount of the new purchase requirement and Food Stamps;

c. For medical assistance, the new amount of income or resources that the family unit is

expected to use to meet the costs of medical assistance;

d. For services, the new service(s) to be provided.

(2) The reasons for the action, including all the facts on which the action is based in as much detail as possible.

(3) A statement of the information needed to establish continued eligibility when applicable.

(4) A citation and brief explanation of regulations used as the basis for the action.

These notices are completed in simple, nontechnical terms and sufficient in detail so that the basis for the action is understandable to the client. 'Officialese,' use of abbreviations, and reference to form numbers are avoided. It is expected that whenever possible an oral explanation will have been given to the client before he receives the written notice.

Appellant contends that the reason given for termination on the 162-C form ("Confirming our conversation of 12-16-75. At your request your assistance will be terminated.") is inadequate as not fully informing appellant of the reasons for the termination. Our response is simply that given appellant's request to terminate her assistance, the statement made on the 162-C form is not only sufficiently detailed, it is complete detail, to explain the action taken. It most certainly is adequate under Department regulations.[2]

---

[2] Appellant also contends that the notice sent to her is constitutionally deficient. In *Goldberg v. Kelly*, 397 U.S. 254 (1970), the Supreme Court stated that the principle of due process requires that: "a recipient have timely and adequate notice detailing the reasons for a proposed termination. . . ." *Id.* at 267-68. The notice (form 162-C) sent to appellant clearly conforms with these requirements.

Appellant further argues that she was misled by her caseworker as to other possible alternatives she may have taken rather than terminate her assistance. Our response is simply that if appellant had questions concerning the accuracy of the advice given her by her caseworker or the propriety of the policy, then she had 30 days within which to file an appeal.[3] Appellant, unfortunately, raised her questions too late to be afforded the remedies provided by the regulations.

Lastly, appellant argues that *Wohlgemuth v. Armacost*, 18 Pa. Commonwealth Ct. 394, 336 A.2d 455 (1975), is controlling. We need only say that the facts of *Armacost* are substantially different from the instant case, so as to require us to distinguish it.

Accordingly, we will enter the following

ORDER

Now, March 25, 1977, the decision of the hearing officer dated April 29, 1976, is affirmed.

---

[3] At oral argument appellant raised the question that DPW-OIM-PA MANUAL §3623 and 45 C.F.R. §233.20(a)(12)(ii)(a), which provide for correction of underpayments of public assistance, but only for the twelve months preceding the month in which the underpayment is discovered, are in conflict with DPW-OIM-PA MANUAL §3590.1, which provides the time limits for appeals. Our reading of Section 3623 and Section 233.20(a)(12)(ii)(a) leads us to the conclusion that it does not extend the time limits in which the recipient can take an appeal.