Mary Reichenbach Buck, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Carol Lunger, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

196

Argued September 13, 1977, before Judges CRUM-
LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel
of three.

*Niles Schore*, with him *Justina M. Wasicek*, for pe-
titioners.

*Linda M. Gunn*, Assistant Attorney General, for
respondent.

OPINION BY JUDGE ROGERS, October 19, 1977:

We have consolidated for argument and disposition
the appeals of Carol Lunger and Mary Reichenbach
Buck from determinations of the Department of Pub-
lic Welfare; in the Lunger case, denying, and in Buck,
terminating, public assistance. Lunger applied for
public assistance for herself and dependent children on
July 7, 1975. Although the notice sent her the same
day is in question as we will discuss later, she was in
fact found eligible for aid on account of her dependent

children but ineligible on her own account. Buck was receiving public assistance and was given written notice on October 9, 1975 that her grant was terminated. It is averred by the appellant in each case that the action adverse to her with respect to her grant was based on the fact that a man who was not her husband shared her household.

Lunger did not appeal from the decision in her case until January 23, 1976, more than six months after the determination and Buck did not appeal the termination of her grant until December 4, 1975, almost two months after the action had been taken. In both cases, the appropriate officers of the Department of Welfare dismissed the appeals as untimely taken because Department of Welfare Regulation §3590.1 validly provides that "an applicant or recipient must exercise his right of appeal within . . . (a). [t]hirty (30) days from the date of written notice. . . ."

Lunger and Buck pose two common questions. First, they point to Department Regulation §3623 quoted in Lunger's brief as follows:

A one-time grant may be authorized only when:
. . . A recipient has been underpaid because of a change in need or due to administrative error or delay. . . .
(b) . . . The PA 122 must be certified within 30 calendar days from the date of the underpayment with the following exceptions: . . . (3) An underpayment caused by agency error is discovered more than 30 calendar days from the date the underpayment began. Procedure for approval as in a. (1) and a. (2) above should be followed.

The appellants say that the decisions, one denying, the other terminating, public assistance because men not their husbands shared their household were erroneous under the law. The difficulty with their argument

based on Regulation §3623 is that the Regulation provides for relief only in cases of *administrative* error, whereas, as noted, they complain of an error of law.

The second question common to the cases is the assertion, first made at oral argument in this Court, that the written notices sent to the appellants were defective because, although they contained information about the right to appeal, they did not state the time within which appeals were required to be taken. Counsel who represented the appellants at oral argument was not involved in either case when it was before the Department. We have carefully examined the records of both cases and we find no complaint about either notice on this ground. The briefs prepared by former counsel fail to state this matter as a question involved and neither Petition for Review advances this question as a foundation for the appeal. Because the matter had not been briefed we asked counsel who argued the matter before the panel to provide a brief on this point and, with our permission, counsel provided a copy of a brief filed in a different case in this Court which awaits submission. We have concluded that no good reason exists for not applying the usual rule that a court reviewing administrative decisions will not consider questions not raised during the administrative process. *General State Authority v. Loffredo,* 16 Pa. Commonwealth Ct. 237, 328 A.2d 886 (1974).

The foregoing disposes of the Buck case in favor of the Department of Welfare and against the appellant. The Lunger case presents one other question. Mrs. Lunger says that when she applied for public assistance she asked for a grant for herself as well as one on account of her dependent children. The Department says that she did not ask for assistance for herself; and, as we have earlier noted, she received none. However, the notice sent her on July 7, 1975

says "You and the following persons [naming the four children] are: eligible for the following: assistance checks. . . ." She contends that because the notice says that she as well as the children was eligible she could not have been expected to appeal from the decision until she knew that her claim had in fact been denied. We think this point is well taken and that if Mrs. Lunger's appeal filed January 23, 1976 was taken within thirty (30) days from the time she had actual knowledge that she had been denied a grant, her appeal then taken should be received as an appeal *nunc pro tunc* and a decision rendered on the merits of her entitlement. *See Coshey v. Beal*, 27 Pa. Commonwealth Ct. 440, 366 A.2d 1295 (1976).

With respect to the Lunger case, the hearing examiner's decision, approved by the Department, in addition to declaring that Mrs. Lunger's claim was barred by her failure to appeal, also held that Mrs. Lunger was required to reimburse the Department for assistance paid her after her children had gone to live with their father. The propriety of this decision is not challenged by Lunger.

We finally note that the overpayment sought to be recovered by the Department which was the principal cause of this litigation was in the amount of $169.50. Mrs. Lunger says that she was wrongfully denied assistance from July 1975 until January 1976 amounting to about $348. The case has thus far been pursued by two lawyers, a legal assistant and a legal intern associated with the Susquehanna Legal Services. The transcript of the proceedings before the hearing officer is 64 pages long; the original brief submitted by the Susquehanna Legal Services is 30 pages long and, of course, counsel for the Department of Welfare has briefed and argued the case in this Court. With all due regard for the importance of the sums involved to Mrs. Lunger, one must wonder whether

the public assistance system, the legal services program and the judicial branch should spend so much public time and public money on a matter in which there was never a significant point in controversy before the administrative agency or appealed to this Court.

ORDER

AND Now, this 19th day of October, 1977, the appeal of Mary Reichenbach Buck to No. 1536 C.D. 1976 is dismissed.

The appeal of Carol Lunger to 1564 C.D. 1976 from the decision of the Department of Welfare that Carol Lunger is subject to a restitution claim for an overpayment of $169.50 is dismissed and that decision affirmed; the record in the Lunger matter is, however, remanded to the Department of Welfare for a hearing and decision consistent with this opinion of the question whether Lunger's appeal made January 23, 1976 should have been treated as timely filed *nunc pro tunc,* and, if the decision is that it should have been so treated, for decision of the merits of her appeal from the Department's action made July 7, 1975.