Kandase J. Testa, on behalf of herself and her minor child, Barbara J. Testa, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

634

Argued June 9, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*James Bukac,* for petitioners.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, July 21, 1978:

Kandase J. Testa has appealed from an order of a Hearing Examiner of the Department of Public Welfare dismissing her appeal from a determination of the Venango County Board of Assistance that her assistance should be discontinued because the appeal had not been timely filed. We affirm the Hearing Examiner's order.

Mrs. Testa applied for cash assistance for herself and her minor child under the Aid to Families with Dependent Children (AFDC) program on December 5, 1973. On December 7, 1973, cash assistance in the amount of seventy-seven dollars ($77.00) per month was authorized. This grant was computed by allowing one hundred twenty dollars ($120.00) for food, clothing and incidentals for two people plus twelve dollars ($12.00) for utilities. From this total of one

hundred thirty-two dollars ($132.00), fifty-five dollars ($55.00) was deducted as income considered to be available to Mrs. Testa from her father. On December 28, 1973, Mrs. Testa went to the county assistance office and reported that she had begun to receive a military allotment of one hundred dollars ($100.00) per month from her husband who was in the Army. In response, the County Board of Assistance informed Mrs. Testa by means of a PA 162-A form dated December 28, 1973 that because her income now exceeded the assistance allowance to which she was entitled, the cash assistance for her and her child would be discontinued as of January 22, 1974. This notice also informed Mrs. Testa of her right to appeal from this determination within thirty days. Mrs. Testa did not appeal.

Upon the discontinuance of cash assistance to Mrs. Testa, medically needy (green card) assistance benefits were authorized on January 22, 1974. Redeterminations of Mrs. Testa's eligibility for this medical assistance were made on January 2, 1975 and December 11, 1975. Mrs. Testa claims that at the January 2, 1975 redetermination interview, she applied for cash assistance by orally requesting that it be reinstated because, by reason of her divorce from her husband on February 23, 1974, the one hundred dollar ($100.00) monthly allotment was since that date being paid solely as child support. No action was taken by the Venango County Board of Assistance on this alleged application. On November 24, 1976, Mrs. Testa formally applied for cash assistance benefits which were granted on November 26, 1976. On January 18, 1977, Mrs. Testa requested a Department of Public Welfare Fair Hearing seeking retroactive benefits from January 22, 1974 to November 26, 1976. At the Fair Hearing, the Venango County Board of Assistance raised the issue of the timeliness of Mrs. Testa's appeal.

The Hearing Examiner dismissed her appeal as not timely filed and Mrs. Testa has appealed to this Court.

The only issue before this Court is the timeliness of Testa's appeal. DPW-OIM-PA MANUAL §3590.1 provides:

> An applicant or recipient must exercise his right of appeal within the following time limits:
>
> a. Thirty (30) days from the date of written notice (PA 162, PA 162-A, or PA 162-C) of a County Assistance Office decision or action.
>
> b. Sixty (60) days from the date of any decision or action by the County Assistance Office when the County Office failed to send written notice, or 60 days from the failure of the County Assistance Office to act. The cause of the grievance must have occurred within 60 days prior to the date of the appeal.
>
> Appeals which do not meet the above time limitations will be dismissed without a hearing.

Testa does not contend that she exercised her right of appeal within 30 days from the date of written notice (on form PA 162-A) from the County Assistance Office that she was no longer eligible for cash assistance. As we have said, that notice was dated December 28, 1973 and Testa's appeal was not filed until January 18, 1977. Testa argues, however, that the contents of the notice were defective and misleading to the point of denying her procedural due process rights, with the consequence that she is entitled to a Fair Hearing on the merits of the discontinuance of her assistance despite the untimeliness of her appeal. The notice was defective, she says, because it does not include "all the facts on which the action is based" and a "citation and brief explanation of regulations

used as a basis for the action," requirements of DPW-OIM-PA MANUAL §3512.3. We disagree. The notice of December 28, 1973 told Mrs. Testa that her assistance checks were being discontinued "because your income is in excess of your assistance grant." Testa argues that this statement of reason is misleading because she did not know that for public assistance purposes income included both the $100.00 per month military allotment from her husband and the $55.00 per month considered available from her father. This contention is simply not substantiated by Testa's testimony which was that she knew that $55.00 per month was deducted from her grant because of income considered available from her father. In addition, she clearly knew that the $100.00 military allotment was considered income because she had discussed the effect of the allotment with the County Assistance Office on December 28, 1973, the date of the notice of termination. Further, the notice advised Mrs. Testa that if she did not understand the action taken, a fuller explanation could be had by asking the County Assistance Office. We believe that the notice sent to Testa did contain facts sufficient to inform her of the basis for the County Assistance Office's action. Furthermore, in *Robinson v. Department of Public Welfare,* 29 Pa. Commonwealth Ct. 402, 371 A.2d 255 (1977), a case in which the claimant argued that she had been misled by her caseworker, we stated: "Our response is simply that if appellant had questions concerning the accuracy of the advice given her by her caseworker or the propriety of the policy, then she had 30 days within which to file an appeal." 29 Pa. Commonwealth Ct. at 406, 371 A.2d at 256. The same remedy was available to Testa.

With regard to Testa's argument that the notice was defective because it failed to cite the relevant regulations, we again refer to our decision in *Robin-*

*son v. Department of Public Welfare, supra.* There, the claimant had requested that her assistance be terminated and the notice which was subsequently sent to her stated as the reason for the termination of benefits simply: "Confirming our conversation of 12-16-75." In response to the claimant's challenge to the adequacy of the notice, we held that under the circumstances, the notice was sufficiently detailed and "adequate under Department regulations." *Robinson, supra* at 405, 371 A.2d at 256. In view of the facts that Testa had spoken with the County Assistance Office concerning the addition of the military allotment to her income during the morning of December 28, 1973, the date of the notice of the termination of benefits, and that her application for benefits was made three weeks before the notice complained of, the information contained in the notice adequately informed Mrs. Testa of the reason for the termination of her assistance. Further, although Section 3512.3 of the DPW-OIM-PA MANUAL requires that all notices must contain "a citation and brief explanation of regulations used as a basis for the action," it also states:

> These notices are completed in simple non-technical terms and sufficient in detail so that the basis for the action is understandable to the client. 'Officialese', use of abbreviations, and reference to form numbers are avoided. It is expected that whenever possible an oral explanation will have been given to the client before he receives the written notice.

In view of the emphasis thus placed on the need for the notice to be understandable to the client, the lack of a citation to the number of a regulation providing that one whose income exceeds her grant is not entitled to assistance in the circumstances of this case should not render the notice a nullity.

Testa also argues that her appeal was timely under DPW-OIM-PA MANUAL Section 3590.1(b) because it was filed within 60 days of DPW's failure to act on the application she allegedly made on January 2, 1975 during an interview with a caseworker concerning her eligibility for medical assistance. Testa argues that the failure of the County Assistance Office to act was ongoing until assistance was granted on November 26, 1976 in response to a formal application on November 24, 1976. The only evidence of the January 2, 1975 oral application for cash assistance is Mrs. Testa's testimony. The caseworker who conducted the January 2, 1975 interview could recall no such application. Nor could he recall two phone conversations Mrs. Testa says she had with him within a few weeks after the January 2, 1975 interview in which she says she inquired again concerning her eligibility for cash assistance. Accepting her testimony as verity, the fact is that Mrs. Testa did not appeal from the county office's failure to act for almost two years. Section 3590.1(b) says that an applicant must appeal within sixty days from the failure of the county office to act, that the cause of grievance must have occurred within sixty days prior to the date of the appeal and that appeals which do not meet this time limitation will be dismissed. A declaration that each day after a request is made is a new failure to act and establishes a new time for the commencement of the regulation's limitation on the time within which an appeal must be taken would simply annul the limitation.

Order affirmed.

ORDER

AND Now, this 21st day of July, 1978, the order of the Hearing Examiner dated March 15, 1977 and accorded the status of final administrative action on March 21, 1977 is affirmed.