Edward J. Crail, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 9, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Eileen D. Yacknin,* for petitioner.

*Edward P. Carey,* with him *Bruce G. Baron,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, July 14, 1980:

On October 12, 1978, Edward J. Crail (Petitioner) filed an appeal from a finding, dated December 23, 1977, by the Allegheny County Board of Assistance (CBA), that his wife, Delores Crail, now deceased, was ineligible for medical assistance from October 18, 1977 to November 11, 1977, while she was a patient at Magee-Women's Hospital (Magee) in Pittsburgh. A fair hearing was held and the hearing examiner dismissed the appeal as untimely filed. Petitioner has appealed from the dismissal to this Court. We affirm.

Delores Crail was admitted to Magee on October 18, 1977. The record shows that, at the time of her admission, Magee phoned the CBA to determine whether Mrs. Crail was eligible for medical assistance and was told that she was eligible. In fact, Mrs. Crail's eligibility for medical assistance had expired on December 16, 1976 and a new application was needed to secure payment for the services rendered by Magee. No such application was completed, however, and Magee sent a billing request to CBA on December 22, 1977.

As a result of the billing request, CBA sent Forms PA 162 and 5M to Mrs. Crail (who had died on November 11, 1977) on December 23, 1977. Petitioner received these forms, but took no action until October 12, 1978.

Form 5M contains the date of Mrs. Crail's admission to Magee, her name and address as patient, and a notation that she was ineligible for benefits because no medical assistance application had been completed.

Form PA 162 is a notice of ineligibility for medical assistance addressed to Mrs. Crail. It states as follows:

Medical Assistance Manual 127.84 requires that an application for Medical Assistance benefits is needed for MA services.

Since a Medical Assistance application has not been received for your recent hospitalization your eligibility for possible MA payment cannot be determined.

If you are interested in a reconsideration of your MA eligibility an application must be made before 1-16-77.[1]

Form PA 162 also contained a detailed explanation of the right to appeal from the finding and further stated, under the bold-faced words Notice to Applicant,

If you do not understand our decision or have any question, the person whose signature appears below, or another staff member of your local County Assistance Office will be glad to explain. If you do not agree with our decision, see the other side of this form for an explanation of your right to appeal and a hearing.

Regulation 275.3(b) provides for a thirty day time limit on appeals where written notice is given. 55 Pa. Code §275.3(b)(1). The sole issue presented by this case is whether Petitioner's appeal from the notice of ineligibility of December 23, 1977 was timely.

Petitioner freely admits that his appeal was not filed until ten months after he received notice, but

_____

[1] Obviously this date should read 1-17-78. The implications of this error are discussed hereinafter.

claims that he may file an appeal pursuant to Regulation 275.3(b)(3), 55 Pa. Code §275.3(b)(3), which provides as follows:

(3) When the County Office, administering agency, or service provider fails to send written notice which was required of the action and of the right of appeal or because of administrative error, ongoing delay, or failure to take corrective action that should have been taken, the time limit in paragraphs (2) or (4) of this subsection will not apply. For a period of six months from the date of the action or failure to act, the client shall have the right of appeal and shall exercise that right in writing. After six months from the date of the County Office, administering agency, or service provider action or failure to act, a written appeal may be filed with the agency provided that the client signs an affidavit stating the following:

(i) The client did not know of his right of appeal or believed the problem was being resolved administratively.

(ii) The client actually believes the County Office erred in its actions.

(iii) The appeal is being made in good faith. Appeals which do not meet the time limitations and requirements set forth in this paragraph and in paragraphs (1) and (2) of this subsection will be dismissed without a hearing.

(iv) Any appeal request received by the agency prior to March 1, 1979 will be controlled by the regulation in effect at the time the request was received by the agency.

Regulation 275.3(b)(3) provides, as to administrative errors, that when, because of such an error, the county office, administering agency, or service provider fails to send written notice of the action and of

24

the right of appeal, the time limit of thirty days will not apply.

Petitioner alleges several administrative errors. First, the CBA incorrectly stated to Magee that Mrs. Crail was eligible for medical assistance. Second, Petitioner alleges that the reason Magee was misinformed was that CBA had assigned the same case number to Petitioner's mother-in-law. The record shows, however, that the mother-in-law's file also was not active in October of 1977 and this cannot, therefore, have caused the first error. Further, the record shows that CBA intended the Crails and Petitioner's mother-in-law to have the same case number because they had the same address, so there was in fact no mix-up involving case numbers.[2] Finally, Petitioner alleges that the error in stating "1-16-77" on form PA 162 caused him to confuse this claim with another claim from 1976.

Clearly Regulation 275.3(b)(3) does not apply to CBA's error in misinforming Magee as to Mrs. Crail's eligibility for medical assistance. This error did not in any way affect Petitioner's knowledge of his right of appeal.

We must decide, however, whether CBA's error in placing "1-16-77" instead of "1-16-78" on form PA 162 had the effect of depriving him of notice of his right of appeal. Petitioner's argument that the error in date caused him confusion as to what claim was in-

---

[2] Petitioner believes that there was a number mix-up because he experienced a problem in obtaining food stamps in 1978 due to the fact that his case number was identical to that of his mother-in-law. The record shows that the problem with food stamps occurred because Petitioner had moved and a new case number should have been assigned. The mix-up that occurred in 1978, while it precipitated Petitioner's filing of an appeal from the determination of December 23, 1977, is apparently not relevant to the incidents surrounding Mrs. Crail's admission to Magee.

volved is not very convincing since form 5M, containing specific information on what period of time was involved, accompanied form PA 162. The hearing examiner was obviously convinced that Petitioner knew of his right of appeal because he had received proper notice. Indeed, Petitioner admits receiving forms 5M and PA 162, but explains that his failure to act was due to his bereavement and confusion with bills following his wife's death. We affirm the examiner's conclusion that the CBA's error in dates was not so substantial as to deprive Petitioner of his right of appeal.

While we may sympathize with Petitioner's plight, we cannot place responsibility for his failure to exercise his right of appeal on CBA where no action of theirs caused him to sleep on his rights for ten months.

ORDER

AND Now, this 14th day of July, 1980, the order of the Hearing Examiner, dated February 23, 1979, is hereby affirmed.