Benjamin Tinsley, Petitioner *v*. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 5, 1980, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Doris J. Dabrowski, Tabas and Furlong, P.C.,* for petitioner.

*Bruce G. Baron,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., November 20, 1980:

This is an appeal from an order of the Department of Public Welfare (DPW), brought by the Presbyterian-University of Pennsylvania Medical Center (Presbyterian) as attorney-in-fact for Benjamin Tinsley, the named appellant. The DPW order reversed a hearing examiner's decision that Tinsley was eligible for medical assistance payments.

Appellant Tinsley was admitted to Presbyterian on September 21, 1978, complaining that he had swallowed glass. On the day following his admission, an application for medical assistance payments was taken by Presbyterian and on the application it was indicated that the appellant was unemployed and had no resources. The application was signed by Tinsley and mailed to the County Assistance Office (CAO), along with a copy of the hospital admission certification. According to the admission certification the initial diagnosis on admission was that Tinsley had a foreign body in his esophagus. The appellant remained at Presbyterian through September 25, 1978, and was transferred to another hospital on September 26, 1978, for psychiatric evaluation.

The discharge summary from Presbyterian listed Tinsley's diagnosis as follows: "(1) probable ingestion

of caustic agent (2) paranoid schizophrenic.'' According to the summary, that diagnosis pertained both to admission and discharge. The discharge summary further indicated that during the appellant's period of hospitalization at Presbyterian he had exhibited bizarre behavior. As examples, the summary cited his refusal to communicate with the admitting physician and eating food from the tray of another patient. According to the summary, at one point psychiatrists from another hospital had to be called into the case. The discharge summary, setting forth this information, was never sent to the CAO.

The record reveals that on December 12, 1978, the CAO requested Tinsley to submit additional financial and personal information relative to the application for assistance. When the appellant did not respond within the required 10 day period, a notice of ineligibility was issued for "failure to provide essential information concerning income and management.'' This action was based on Section 201.1 of the Public Assistance Eligibility Manual (PAEM), 55 Pa. Code §201.1.[1] From that action an appeal was taken by Presbyterian, to DPW, on behalf of Tinsley.

An appeal hearing was held at which Tinsley did not appear. Testimony at the hearing revealed that the later diagnosis of paranoid schizophrenia did not appear on the admission certification, which had been attached to the application for medical assistance and sent to the CAO. Testimony by a representative from the CAO indicated that had the agency been aware of the appellant's diagnosed mental condition, it would have "probably dealt with the matter differently.'' The hearing examiner interpreted that testimony to

---

[1] According to the CAO the basis of ineligibility was Section 201.1. The Hearing and Appeals Unit took the position that the proper basis was Section 125.84(c).

mean the CAO would have authorized payment to the hospital had that agency known of the later diagnosis. The examiner observed that because of the appellant's mental condition "it is extremely doubtful that the appellant is gainfully employed and improbable that he had resources available for medical assistance purposes."

The hearing examiner concluded that verification of the application was not immediately available, but that "information of the situation appears reasonable and not in conflict with other facts." She then authorized medical assistance payments for 30 days, under 55 Pa. Code §201.3, pending further verification of the lack of income or resources. However, the Hearing and Appeals Unit of DPW reversed that authorization, stating that Tinsley was ineligible for medical assistance because he "failed to present additional information" to substantiate his application by the deadline date of December 22, 1978, as requested. The order of reversal cited 55 Pa. Code §125.84(c) as the ground of ineligibility.

The appellant here contends that the Hearing and Appeals Unit of DPW based its reversal on but an isolated portion of 55 Pa. Code §125.84(c) and failed to consider the full terms of that regulation. Specifically, the appellant argues that the Hearing and Appeals Unit ignored that portion of Section 125.84(c) which confers discretionary power upon the CAO to authorize temporary medical assistance on the basis of information in the application, pending an interview of the applicant.

In pertinent part Section 125.84(c) reads as follows:

> (c) *Personal Interview Required.* A personal interview with each applicant is required. The required interview will be held within 60 days from the date the application, Form PA

743 is received in the County Assistance Office. *Pending the interview, MA [Medical Assistance] may be authorized for no more than 60 days on the basis of the information in the application. . . .* (Emphasis added.)

It is clear on the very face of this Section that temporary medical assistance may be granted even before an interview or verification of an application has taken place.

The appellant argues that Section 125.84(c) is in harmony with the general provisions of 55 Pa. Code §201.3, upon which the hearing examiner based her authorization of assistance. Section 201.3 provides in relevant part as follows:

*To the fullest possible extent,* all need and resource items will be verified prior to authorizing assistance. . . . If verification is not immediately available, and the worker finds the statements of the client about his situation reasonable and not in conflict with other facts, *assistance may be authorized or will be continued without the required verification but may not be continued beyond 30 days following authorization. . . .* (Emphasis added.)

We read both Sections, 125.84(c) and 201.3, as being sources of discretionary power to authorize medical assistance for a limited period of time prior to interview or verification. It is to be noted that the maximum allowance period under Section 125.84(c) is 60 days, the exact amount of time an applicant has to comply with the interview requirements under that Section. In short, the power to authorize assistance for 60 days under 125.84(c) looks to the situation in which medical assistance is needed prior to the expiration of the interview period but before an interview actually takes place. On the other hand, Section 201.3

by its very language addresses the situation in which assistance is required before verification of the application can be obtained.

According to DPW's interpretation of Section 201.3, advanced in this appeal, that Section does not authorize assistance to a person who has failed to comply with the interview requirements before the expiration of the interview period set by Section 125.84(c). DPW interprets 201.3 to mean that assistance may be authorized for a person who has given the information required, by interview or otherwise, but whose information has not yet been verified. Under that interpretation, Section 201.3 is not a basis for authorizing assistance to a person who has failed to provide required information, as is the case with appellant Tinsley.

It is well settled that an agency's interpretation of its own regulation is entitled to great weight. *State Dental Council and Examining Board v. Pollock*, 457 Pa. 264, 318 A.2d 910 (1974); *Orner v. Department of Public Welfare*, 44 Pa. Commonwealth Ct. 635, 404 A.2d 452 (1979). Upon that legal principle we must conclude that the hearing examiner misinterpreted 55 Pa. Code §201.3 in authorizing assistance in this case.

This case is not one in which the welfare agency had been given reasonable notice of a communication problem with the applicant. In this case the hospital, the attorney-in-fact, failed to give the full initial diagnosis of the applicant, which would have timely alerted the agency of the problem; and the hospital failed to provide the discharge summary which also would have signaled the problem prior to the expiration of the interview period.

Our scope of review in cases of this nature is limited to a determination of whether the adjudication was in accordance with law, whether constitutional rights were violated and whether all necessary findings of fact were supported by substantial evidence.

*E.g., Orner, supra.* Honoring that scope of review, we affirm the order of DPW in this case.

### ORDER

AND Now, the 20th day of November, 1980, the order of the Department of Welfare in the above matter, dated April 23, 1979, is affirmed.