Esther Trant, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 5, 1982, before Judges Rogers, Craig and Doyle, sitting as a panel of three.

*Ky Van Nguyen,* for petitioner.

*Jason W. Manne,* Assistant Counsel, for respondent.

Opinion by Judge Craig, November 17, 1982:

This is an appeal by petitioner Esther Trant from an order of the Department of Public Welfare dismissing her appeal from the department's action reducing her grant under the department's Energy Assistance Program (EAP) by an amount equal to a federal grant she had received. We vacate and remand.

On December 31, 1979, the petitioner applied to the Allegheny County Board of Assistance for an energy assistance grant under the EAP. An official notice, dated January 7, 1980, informed the petitioner that her application was approved, but it included the qualifying statement "[t]he $157.00 you recently received will be deducted from your total payment." Petitioner, a Supplemental Security Income (SSI) recipient, had received that $157.00 pursuant to a one-time energy assistance grant made directly by the federal government to all SSI recipients in January of 1980. Questioning the propriety of the deduction, the petitioner contacted her caseworker at the county board, who informed her that the deduction was being unconditionally applied to all SSI recipients also receiving grants from the EAP. Later, the petitioner discovered that not all SSI recipients were having the special grant deducted from their EAP grants, depending on the date when they were determined to be eligible for EAP benefits. On April 24, 1980, approximately three and one-half months after the January notice, the petitioner filed her appeal with the department challenging the deduction of the special SSI grant from her EAP grant. The department dismissed the appeal as being untimely filed pursuant to Section 275.3(b)(1) of the Public Assistance Eligibility Manual (PAEM), 55 Pa. Code §275.3(b)(1), which requires appeals to be filed within thirty days of the receipt of notice from the administering agency of the action taken.[1]

On appeal to this court, the petitioner contends that the department erred as a matter of law in applying the thirty-day appeal requirement of Section

---

[1] Pursuant to Section 275.3(b)(3)(iii) of the PAEM, 55 Pa. Code §275.3(b)(3)(iii), appeals which are determined to be untimely filed are dismissed without a hearing.

275.3(b)(1) to the petitioner's appeal, instead of the six-month appeal limit of Section 275.3(b)(3) of the PAEM, 55 Pa. Code §275.3(b)(3) which reads, in pertinent part:

> When the County Office, administering agency, or service provider fails to send written notice which was required of the action and of the right of appeal or because of administrative error, ongoing delay, or failure to take corrective action that should have been taken, the time limit in paragraphs (2) or (4) of this subsection will not apply. For a period of six months from the date of the action or failure to act, the client shall have the right of appeal and shall exercise that right in writing.[2]

The petitioner submits that she did not appeal the deduction from her EAP grant only because of the information she received from her caseworker—information which allegedly was incorrect. The petitioner asserts that this "misinformation" derived from confusion in the department as to how to treat the special SSI grant relative to the EAP grants, as evidenced by a series of conflicting memoranda to caseworkers on the matter, and that this confusion constitutes "administrative error" for the purpose of invoking Section 275.3(b)(3).

In *Cuffee v. Department of Public Welfare*, 5 Pa. Commonwealth Ct. 503, 291 A.2d 549 (1972), we recognized that extenuating circumstances such as misinformation supplied by the DPW, the court or administrative personnel, will extend the time for filing an

---

[2] Although the passage quoted, from paragraph (3), makes cross-references only to paragraph (2) and paragraph (4), subparagraph (iii) in the same paragraph (3) refers to paragraph (1) as well as (2), indicating that paragraph (3) modifies the entire subsection (b) in which it is located.

appeal. Here the petitioner contacted her caseworker, who could be expected to know the correct DPW policies and procedures relating to the energy assistance grant, and it would be reasonable for the petitioner to believe that the caseworker had given her the correct information.

We note that 55 Pa. Code §275.3(b)(3) extends the time limit *either* because of non-issuance of a notice of action *or* because of administrative error. Thus the Code provision can be applicable even where a notice of action has been given.

*Clark v. Department of Public Welfare,* 58 Pa. Commonwealth Ct. 142, 427 A.2d 712 (1981) and *Crail v. Department of Public Welfare,* 53 Pa. Commonwealth Ct. 20, 416 A.2d 633 (1980) do not support the view that, when written notice is received, Section 275.3(b)(3) is inapplicable. In *Clark,* we specifically determined that "appellant has not shown any prejudice caused by the CBA. . . . [A]ny harm here was self-inflicted." 58 Pa. Commonwealth Ct. at 146, 427 A.2d at 714. Likewise, in *Crail,* we found that "no action of the [CBA] caused the [appellant] to sleep on his rights." 53 Pa. Commonwealth Ct. at 25, 416 A.2d at 636. Similarly, in *Zani v. Department of Public Welfare,* 42 Pa. Commonwealth Ct. 157, 400 A.2d 247 (1979), there was no claim that misinformation was communicated by any official.

In this case, if misinformation were supplied by the caseworker, and it caused the petitioner to forego an appeal, then she was prejudiced by the department's actions.

This case will be remanded to determine whether or not the petitioner's inquiry to her caseworker was timely, and, further, whether or not misinformation was supplied by the caseworker which affected the petitioner's decision not to bring an appeal.

ORDER

Now, November 17, 1982, the order of the Department of Welfare in this case is vacated and the matter is remanded to the Department of Welfare for the conduct of a hearing to determine whether or not the petitioner's inquiry to her caseworker was timely, and further, whether or not any misinformation was supplied by the caseworker which affected the petitioner's decision not to bring an appeal within the thirty days following January 7, 1980, and, pursuant to such hearing, for the department to issue a reconsidered decision.

---

DISSENTING OPINION BY JUDGE DOYLE:

The information provided to Petitioner by her caseworker was merely a reiteration of the Department of Public Welfare's (DPW) substantive policy at the time of Petitioner's inquiry based on the DPW's interpretation of pertinent federal regulations. The DPW's policy was not amended until January 23, 1980 when a federal directive was received indicating that the DPW's treatment of the special SSI grant was not what the controlling regulations intended. Thus, the caseworker's comments were simply reflective of what was an error of law on the part of the DPW and, as such, did not constitute administrative error for the purpose of Section 275.3(b)(3). Accordingly, as written notice of the administrative action taken and the right to appeal was received by Petitioner, I believe Section 275.3(b)(3) is inapplicable to her claim and the thirty day appeal requirement of Section 275.3(b)(1) is controlling. *Clark v. Department of Public Welfare*, 58 Pa. Commonwealth Ct. 142, 427 A.2d 712 (1981); *Crail v. Department of Public Welfare*, 53 Pa. Commonwealth Ct. 20, 416 A.2d 633 (1980).

While not addressed by the majority, I believe that this rationale is equally applicable to an alternative argument raised by Petitioner that the "misinformation" provided her by her caseworker estops the Department from invoking the appeal limitation of Section 275.3(b)(1) and entitles Petitioner to an appeal nunc pro tunc. An appeal of actions by the Department not taken within the required time, *i.e.*, an appeal nunc pro tunc, will be permitted only upon a showing that fraud, duress or coercion was responsible for the delay *in taking the appeal. Zani v. Department of Public Welfare*, 42 Pa. Commonwealth Ct. 157, 400 A.2d 247 (1979). Again, the information provided Petitioner by her caseworker herein was in no way directed towards Petitioner's right to appeal the action in question. Rather, it was addressed to Petitioner's concerns about *why* the Department had taken the substantive action which it did and is nothing more than an element of the decision Petitioner now contends is erroneous. An erroneous decision is the very basis for taking an appeal in the first place and, as such, does not establish the fraud, duress or coercion necessary to be granted an appeal nunc pro tunc. *Robinson v. Department of Public Welfare*, 29 Pa. Commonwealth Ct. 402, 371 A.2d 255 (1977); *Harris v. Department of Public Welfare*, 29 Pa. Commonwealth Ct. 348, 370 A.2d 1250 (1977).

Finally, Petitioner also argued that the notice received "can hardly be categorized as a legally sufficient notice which was calculated to give Petitioner an effective opportunity to prepare her case" and that this is therefore tantamount to the failure to send notice which makes applicable the six month appeal period provided by Section 275.3(b)(3). I disagree. The notice received by Petitioner fully informed her of the action being taken and her appeal rights therefrom. I would therefore affirm the Department's dis-

missal of Petitioner's appeal and I must dissent from the opinion of the majority.