Joseph Yarbrough, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs April 5, 1984, to Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*Doris J. Dabrowski, Tabas, Furlong & Rosen,* for petitioner.

*Gary Goldman,* Assistant Counsel, for respondent.

OPINION BY JUDGE BARRY, July 25, 1984:

This is an appeal from an order of the Department of Public Welfare (DPW) brought by Temple University Hospital (Temple) as attorney-in-fact for Joseph

Yarbrough (claimant). The DPW order affirmed a hearing examiner's decision which denied claimant medical assistance benefits.

Claimant received medical treatment at Temple as an inpatient from July 19 through July 22, 1982. On the date of addmission, Temple, on behalf of claimant, prepared a medical assistance application. The Philadelphia County Assistance Office (CAO) received the application and shortly thereafter mailed a request for verification of income to claimant's home address. Because claimant failed to respond to this verification request, his application was denied by the CAO on August 19, 1982.

Temple received notice of the rejection on August 31, 1982, and immediately attempted to contact claimant. However, it was discovered that claimant had been incarcerated on the very same day he was released from the hospital. Relying on this new information, Temple appealed the CAO's determination and on November 3, 1982, a hearing was held. The hearing officer affirmed the denial of claimant's application, and the decision was subsequently affirmed in the Final Administrative Action issued by the Director of the Office of Hearings and Appeals on November 15, 1982. This appeal followed.

Given the nature of this case, our scope of review is limited to a determination of whether the necessary findings of fact are supported by substantial evidence, whether errors of law have been committed and whether the claimant's constitutional rights have been violated. *Tinsley v. Department of Public Welfare,* 54 Pa. Commonwealth Ct. 608, 422 A.2d 730 (1980).

Temple, on behalf of claimant, raises two arguments in this appeal First, it contends that DPW failed to properly apply its verification provisions. It relies particularly on 55 Pa. Code §201.1(1) which reads as follows:

The client will be the primary source of information in establishing eligibility for financial assistance. As a condition of eligibility the client will be required *to the extent that he is able,* to substantiate the information he has provided by documentary evidence or such other means as may serve to establish the truth of his statements. (Emphasis added.)

It also relies on 55 Pa. Code §201.4(a)(1)(i) which directs the CAO to obtain verification from collateral sources in situations where the client is, *for any reason,* unable to obtain the necessary evidence to verify eligibility.

Temple argues that because claimant was in jail he could not have received his mail and therefore he was unable to comply with the verification request. Furthermore, since claimant was unable to verify the information, it was incumbent upon the CAO to obtain the necessary information from collateral sources. At this point, we need not address the merits of this argument because the record does not reflect whether claimant did or did not actually receive the verification request. Claimant was not present at the hearing. The only witness to testify on his behalf was Marc C. Boyer, the audit manager at Temple. Mr. Boyer's testimony on this issue was conclusory at best. He simply stated that because claimant was in jail and the request was mailed to his home address there is no way he could have received it. As respondent points out in its brief, however, it is not uncommon for prisoners to have their mail forwarded to them or to have friends or relatives bring it to the prison. Therefore, we cannot consider the validity of this argument because the evidence supporting it is mere speculation.

In its second argument, Temple claims that because claimant received no actual notice of the verifi-

cation request, DPW denied him medical assistance benefits in violation of the Due Process Clause of the Fourteenth Amendment. We recognize that due process rights attach to public assistance cases, *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011 (1970), and to administrative proceedings, *Walker v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 438, 381 A.2d 1353 (1978). However, this Court has previously held in *Clark v. Department of Public Welfare*, 58 Pa. Commonwealth Ct. 142, 427 A.2d 712 (1981), that notice of administrative action which is mailed to a person's last known address is reasonable notice under the constitutional test of reasonableness set forth in *Mullane v. Central Hanover Trust & Co.*, 339 U.S. 306, 70 S.Ct. 652 (1950). A hospital should not be denied reimbursement when it renders care to the indigent, but in this case, Temple has not proved its eligibility

In view of the foregoing, we affirm.

ORDER

AND Now, July 25, 1984, the order of the Department of Public Welfare, dated November 15, 1982, is hereby affirmed.