511 A.2d 284

Deb-Rob Taxi Company, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued April 7, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Herbert Somerson,* for petitioner.

*Michael C. Schnierle,* Assistant Counsel, with him, *Kenneth E. Nicely,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, June 27, 1986:

The question presented in this appeal from an order of the Pennsylvania Public Utility Commission (Commission) is whether notice of cancellation of a certificate of public convenience served upon Petitioner Deb-Rob's accountant was sufficient to comply with the requirements of due process. We conclude that it was sufficient, and affirm.

Deb-Rob is a corporation which held a certificate of public convenience (certificate) to provide taxi service in Philadelphia. Deb-Rob was purchased by Richard Koway from Elizabeth Mariani in 1976, under an installment payment contract. Koway retained an accountant, Herbert Davidson, to handle the various financial matters of Deb-Rob, which included the preparation and filing of annual reports and assessment reports for the Commission. The address for Deb-Rob provided on the documents filed by Davidson with the Commission was that of Davidson's office. The Commission, therefore, sent all correspondence to that address. The Commission, in its opinion, found as fact that any items which were not fiscal in nature were forwarded to Koway by Davidson.

The series of events which gave rise to the present case occurred in 1982. In the first few months of 1982, Davidson applied for and received two extensions of time in which to file the 1981 Annual Report for Deb-Rob, the final due date being May 31, 1982. No report was filed within this time nor in the several months following.

On July 16, 1982, the Commission ordered the issuance of a complaint against Deb-Rob for failure to file its 1981 annual report, in violation of the Public Utility Code, 66 Pa. C. S. §§504 and 2508.

Meanwhile, Koway and Mariani were negotiating to sell Deb-Rob back to Mariani. On or about July 25,

1982, they signed an agreement to transfer Deb-Rob, including its certificate of public convenience, to Mariani. No application for Commission approval of this transfer was ever made.

On August 2, 1982, the Commission's complaint for Deb-Rob's failure to file the 1981 annual report was filed. This document was sent by certified mail to Davidson, whose secretary signed the receipt on August 4, 1982. Davidson then forwarded the complaint to Koway.

On October 27, 1982, no answer having been filed to the August 2, 1982 complaint regarding the 1981 annual report, the Commission entered a final order sustaining the complaint and revoking the certificate. This notice was also mailed to Davidson.

On October 29, 1982, one of Deb-Rob's cabs was stopped for operating without a valid certificate.

On November 6, 1982, Deb-Rob filed and served a petition for reinstatement submitted under Mariani's signature. Attached to the petition were a purported 1981 annual report, an assessment report, and a $100 fine for late filing of the assessment report.

On November 12, 1982 and December 15, 1982, Deb-Rob cabs were again stopped for operating without a valid certificate.

The Commission consolidated the hearing for the revocation of the certificate with all of its Complaints against Deb-Rob and Deb-Rob's petition for reinstatement. Following hearings before an administrative law judge (ALJ), the ALJ ordered the withdrawal of the cancellation of the certificate and granted Deb-Rob's petition for reinstatement. The ALJ concluded that service of the notice of revocation upon Davidson was inadequate, because Davidson was not a party, nor was he the attorney of a party. The full Commission reversed the decision of the ALJ, concluding that Davidson had

been designated by Koway to receive all documents relating to Deb-Rob, and that notice of the revocation served on Davidson was sufficient.

In its appeal to this Court, Deb-Rob argues that Commission rules require service of legal proceedings (*e.g.* complaints) on an officer of the corporation at its business address, and that service on the corporation's accountant at his address is not proper when the accountant is not an officer or shareholder of the corporation.

In *Clark v. Department of Public Welfare*, 58 Pa. Commonwealth Ct. 142, 427 A.2d 712 (1981), we held that "adequate notice of administrative action is notice which is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " (quoting *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950)). In *Clark*, notice of DPW's rejection of an application for medical assistance benefits was sent to the house of the applicant's sister, rather than to the applicant's home address, because the local County Board of Assistance had been informed that the applicant was residing there. We concluded that notice sent to the last known address is reasonably calculated to give actual notice of the administrative action.

Under the circumstances of the instant case, we hold that notice sent to Davidson, Deb-Rob's accountant, was reasonably calculated to give Deb-Rob actual notice of the cancellation of its certificate. The notice was sent to "Deb-Rob Taxi Co., c/o Herbert Davidson, CPA, Suite 112, Plymouth Plaza, Plymouth Meeting, Pennsylvania, 19462." In light of the fact that Deb-Rob, in an assessment report filed with the Commission in 1979, changed its address to the address listed above, the Commission was justified in concluding that David-

son was designated for receipt of all documents relating to the Commission. Furthermore, we find no Commission regulation which requires service to be made only on an officer or shareholder of a corporation, particularly when another individual has been designated.

Because we conclude that notice of the cancellation was sufficient, the cancellation of the certificate for failure to file the 1981 annual report must stand, and the Commission complaints filed against Deb-Rob for operating without its certificate were properly sustained. The Commission refused to reinstate Deb-Rob's certificate on the basis of the several complaints for operating without a certificate, as well as the failure of Deb-Rob on three occasions to file timely annual reports. Because we find no error in the Commission's denial of Deb-Rob's reinstatement petition, we affirm.

ORDER

AND NOW, June 27, 1986, the order of the Pennsylvania Public Utility Commission, entered on June 5, 1985, at A-00094206C823, A-00094206C831, A-0009-4206C832 and A-00094206 is affirmed.