Elizabeth Harris, Appellant *v.* Commonwealth of Pennsylvania, Department of Public Welfare.

Argued January 31, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Dianne Upson,* for appellant.

*Linda M. Gunn,* Assistant Attorney General, with her *James R. Adams,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, March 18, 1977:

In December of 1972, Elizabeth Harris (applicant) filed a request for public assistance with the Pennsylvania Department of Public Welfare (Department)

in behalf of an unrelated child whom she was supporting and who was also under her custody and control.[1] Assistance was denied on December 21, 1972, the Department ruling that the applicant must have adopted the child in order to receive the assistance requested. Although the parties now agree that the applicant was in fact eligible for this assistance at the time of this denial, no appeal was then taken. On September 12, 1975, however, the applicant again requested assistance in behalf of the child, and, when this application was denied, she did file an appeal from that denial. On April 16, 1976, the Department made a favorable decision on this appeal, which had been filed on October 9, 1975, and, taking note of the fact that, while this appeal was pending, the applicant had reapplied on December 22, 1975 and had then been granted benefits as of that date, it authorized a deficiency grant of assistance for the period from September 12, 1975 to December 22, 1975. The applicant then appealed to this Court claiming that she was also entitled to a retroactive grant of benefits from September 12, 1975 back to December 21, 1972.

The applicant does not contest the fact that she had thirty days to appeal from the December 21, 1972 denial of assistance and that she did not do so, and it is clear that "Pennsylvania courts have consistently held that appeals nunc pro tunc will not be allowed unless there is a showing that fraud, duress, or coercion was responsible for the delay." *Dinges Transfer v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 468, 470, 326 A.2d 668, 669 (1974); *Cuffee v. Department of Public Welfare,* 5 Pa. Commonwealth Ct. 503, 291 A.2d 549 (1972). We do not believe that the Department's erroneous determination in 1972 of the applicant's eligibility at that time

---

[1] The applicant had also been appointed as the child's guardian.

would justify an appeal nunc pro tunc. While it is apparent that the Department's decision at that time was wrong, an erroneous decision is the very basis upon which appeals may be taken. The applicant, therefore, has not shown that her failure to appeal was due to fraud, duress or coercion. *See also Wohlgemuth v. Armacost*, 18 Pa. Commonwealth Ct. 394, 398-399, 336 A.2d 455, 457 (1975).

The applicant's second argument is that she should have been granted retroactive benefits on the basis of the Department's Regulation 3623, which provides, in part, as follows:

A one-time grant may be authorized only when:

. . . .

b. *A recipient has been underpaid because of a change in need or due to administrative error* or delay . . . . The PA 122 must be certified within 30 calendar days from the date the underpayment occurred with the following exceptions:

(1) Persons cannot be added to an existing grant on a retroactive basis except that an unborn child can be added retroactively to the date pregnancy is established by a physician, but not to exceed 90 calendar days prior to the PA 122 certification date. In the event of multiple births, the additional child or children are added retroactively to date of birth provided the PA 122 is certified within 90 calendar days from the date of birth.

(2) County Office was aware of a change in need but action was not taken within 30 calendar days from the date of the change because of agency delay . . . .

(3) *An underpayment caused by agency error is discovered more than 30 calendar days*

*from the date the underpayment began.* Procedure for approval as in a.(1) and a.(2) above should be followed. (Emphasis added.)

A reading of subsection b of this regulation clearly indicates that this is a procedural regulation providing for the correction of Department errors in the computation of an assistance grant when assistance has already been granted. It clearly does not provide a remedy for substantive Departmental errors from which an appeal must be taken. It cannot, therefore, provide a basis here for a retroactive assistance payment.

We, therefore, deny the applicant's appeal and affirm the decision of the Department dated April 16, 1976. The Department's motion to quash the appeal is also denied.[2]

### ORDER

AND Now, this 18th day of March, 1977, the decision of the Department of Public Welfare, dated April 16, 1976, is affirmed. The Department's Motion To Quash the appeal is also denied.

---

[2] The motion to quash raises the same legal issues as were raised by the applicant's appeal on the merits, to wit:

(1) Whether or not the applicant may file an appeal nunc pro tunc from the December 21, 1972 decision of the Department; and

(2) Whether or not the Department's regulations provide for retroactive benefits in this case and whether or not the Department erred in not granting retroactive benefits.