Calvin H. Walker, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 31, 1977, before Judges CRUMLISH, JR. and BLATT, sitting as a panel of two.

*Jay L. Fingeret,* with him *Messer & Shilobod,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Daniel R. Schuckers,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, January 31, 1978:

Calvin Walker (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying him unemployment compensation pursuant to Section 402(e) of the Unemployment Compensation

Law[1] (Law), which denies benefits when an employee has been guilty of wilful misconduct.

Section 510 of the Law, 43 P.S. §830, provides that this Court's scope of review in an unemployment compensation appeal is confined to questions of law and, absent fraud, to a determination of whether or not the findings of fact are supported by the evidence.

The sole issue raised by the claimant here is whether or not the notice he received as to his right to appeal was constitutionally sufficient. The notice in question was a form which explained the procedure for taking an appeal, and the claimant argues that it denied him due process of law because it did not additionally and specifically inform him of his right to request oral argument and to present a brief or further testimony when his appeal would be heard by the Board.

The constitutional guarantees of due process are applicable to administrative as well as judicial proceedings. *Pioneer Finance Co. v. Pennsylvania Securities Commission*, 21 Pa. Commonwealth Ct. 447, 450, 346 A.2d 890, 892 (1975). The essential elements of due process are notice and the opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case, before a tribunal having jurisdiction of the matter. *First National Bank of Pike County v. Pennsylvania Department of Banking*, 7 Pa. Commonwealth Ct. 603, 606, 300 A.2d 823, 825 (1973). The claimant here does not claim any infringement of his due process rights in his hearing before the referee but only that the notice given to him of his right to appeal the referee's decision did not inform him sufficiently as to the procedure which could be followed.

This Court is not aware of, nor has the claimant cited, any authority for his contention that an indi-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

vidual's due process rights include detailed notice of appeal procedures from an adverse administrative determination. On the contrary, we have held that the right to due process of law does not even require an administrative agency to provide a party with notice of the right to appeal the agency's decision when the agency or the Legislature, as in the case here, has provided a duly published procedure for a hearing or appeal after such order. *Commonwealth v. Derry Township*, 10 Pa. Commonwealth Ct. 619, 629-30, 314 A.2d 868, 872 (1973). It has also been held that notice of appeal procedures supplied by an administrative agency which misleads a party and results in the filing of an untimely appeal may furnish adequate grounds for a *nunc pro tunc* appeal of the agency's decision. *See Gill v. Unemployment Compensation Board of Review*, 165 Pa. Superior Ct. 605, 70 A.2d 422 (1950); *Layton v. Unemployment Compensation Board of Review*, 156 Pa. Superior Ct. 225, 40 A.2d 125 (1944), but there has been no such situation here. In the present case, the procedure for taking an appeal from a decision of the referee to the Board is clearly set out in both Section 502 of the Law, 43 P.S. §822, and in the Board's regulations concerning appeals from decisions of the referee,[2] and the notice of his right to appeal supplied here did not mislead the claimant so as to prevent him from a timely filing. In this context, we can perceive no constitutional right on the part of the claimant which was violated by the notice given him.

The order of the Board is affirmed.

ORDER

AND Now, this 31st day of January, 1978, the order of the Unemployment Compensation Board of Review denying benefits to Calvin H. Walker, Jr. is hereby affirmed.

---

[2] *See* 34 Pa. Code §§101.71, 101.90-101.112.