Cathy Zani, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Kenneth E. Rankin, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 7, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Niles Schore* and *Stephen F. Krone,* for appellants.

*Linda M. Gunn,* Assistant Attorney General, for appellee.

OPINION BY JUDGE CRAIG, April 20, 1979:

Cathy Zani and Kenneth E. Rankin, applicants, appeal here from separate orders by the Hearing and Appeals Unit of the Department of Public Welfare (DPW), dismissing their appeals because they were not timely filed. Because of the similar issues in the

two appeals, the cases were consolidated for argument. We affirm DPW in both cases.

On January 31, 1977, applicant Zani went to the Columbia County Board of Assistance (CBA) to apply for public assistance. At that time, she was residing apart from her husband, who was in military service in North Carolina. She was receiving no support from her husband, but did have some contact with him. The CBA informed her that because she did have contact with her husband she could not be considered to be separated and was therefore ineligible for public assistance. Zani then left the CBA office without filing an application. On February 2, 1977, the CBA sent her a denial notice, Form PA 162. Zani took no action until May 25, 1977, at which time she appealed CBA's denial of assistance and requested a fair hearing. By letter dated June 13, 1977, the Hearing and Appeals Unit of DPW dismissed her appeal citing Section 3590.1 of the DPW Manual. That section, as quoted in DPW's letter, stated the time limit within which all appeals must be taken: "(a) Thirty days from the date of written notice (PA 162, PA 162-A, PA 162-C or other similar notice) of a decision or action by a County Assistance Office, administering agency or service provider."

Applicant Rankin first applied to the Dauphin CBA for public assistance in mid-September, 1977, which the CBA denied on September 16, 1977. Rankin then filed a second application, and on September 26, 1977, the CBA again denied him assistance.[1] After each denial, Rankin was sent a denial Form PA 162. On November 1, 1977, Rankin appealed both denials of assistance. By letter dated November 23, 1977, the Hearing and Appeals Unit of DPW dismissed his ap-

---

[1] Claimant also filed a third application for benefits on October 20, 1977, which was also denied. However, that denial is not at issue in this appeal.

peal, citing Section 275.3(b)(1) of the DPW Manual, which was the same as Section 3590.1(a), quoted above.[2]

The appeals of both applicants were taken more than thirty days after the date of the written notices denying their applications for assistance. Therefore, their appeals were dismissed without hearings, pursuant to the DPW Manual.[3] Applicants appealed those actions to this court.

Although the issues raised by the two applicants are similar, the two briefs differ. Because a discussion of Rankin's issues is helpful in deciding the Zani case, we will discuss the issues raised by Rankin first, referring to the Zani case whenever our discussion is also relevant to it.

Rankin raised three issues on appeal: (1) DPW erred as a matter of law and due process in failing to include on its denial of assistance notices the thirty-day limit on the taking of appeals; (2) DPW erred in failing to inform applicant of the availability of free legal services; and (3) DPW deprived applicant of his right to due process in not providing him with the opportunity for an administrative hearing on the question of timeliness.

There is no question that the constitutional guarantees of due process apply in public assistance cases,

---

[2] At the time Zani appealed her denial of assistance, the regulation dealing with time limits for appeals was Section 3590.1 of the DPW Manual. However, on August 6, 1977, prior to Rankin's appeal, the appeal section number was changed from 3590 to 275. The change was published in 7 Pa. B. 2180 as part of a synopsis of DPW's new manual, including a revised numbering system. As published in Title 55 of the Pa. Code, section 3590.1(a) became 275.3(b)(1), 3590.1(b) became 275.3(b)(2), and 3590.1(c) became 275.3(b)(3).

[3] Section 3590.1, later Section 275.3(b), after setting out the thirty-day time limit for the taking of appeals, as well as other time limits not applicable here, states: "Appeals which do not meet the above time limitations will be dismissed without a hearing."

*Goldberg v. Kelly,* 397 U.S. 254 (1970), and administrative proceedings, *Walker v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 438, 381 A.2d 1353 (1978). However, DPW did provide at least the minimum essential elements of due process, "notice and the opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case, before a tribunal having jurisdiction of the matter." *Walker, supra* at 440, 381 A.2d at 1354. The dispute arises because both Rankin and Zani argue that DPW is required to state the appeal period in its denial notices to applicants.

Applicants are incorrect. As we stated in *Walker, supra,* 440-41, 381 A.2d at 1354:

> This Court is not aware of, nor has the claimant cited any authority for his contention that an individual's due process rights include detailed notice of appeal procedures from an adverse administrative determination. On the contrary, we have held that the right to due process of law does not even require an administrative agency to provide a party with notice of the right to appeal the agency's decision when the agency or the Legislature, as in the case here, has provided a duly published procedure for a hearing or appeal after such order. Commonwealth v. Derry Township, 10 Pa. Commonwealth Ct. 619, 629-30, 314 A.2d 868, 872 (1973).

Chapter 275 of the DPW Manual provides a duly published procedure for a hearing. DPW Manual, §275.3(b) sets out the applicable time limits within which an appeal must be taken. Because applicants did not appeal within the required time, their appeals could only be permitted upon a showing that fraud, duress, or coercion was responsible for the delay. *Harris v. Department of Public Welfare,* 29 Pa. Commonwealth Ct. 348, 370 A.2d 1250 (1977). Having

failed to make such a showing, applicants' late appeals will not be permitted.

Nor are we persuaded by Rankin's second argument, that DPW's denial notices must inform applicants of the availability of free legal services.

> DPW, in its denial notice, Form PA 162, states: You have the right to appear at the hearing in person and to be represented by a lawyer, if you so desire. You can ask a staff member of the County Assistance Office how to arrange for a lawyer to help you explain the facts at the hearing; or you can take a friend with you to the hearing to help present the facts.

Whether or not applicants have a constitutional right to counsel (a question we need not decide today), DPW has determined that, as a matter of policy, applicants do have such a right. Therefore, the only question is whether DPW has adequately informed them of that right. The above-quoted paragraph, standing alone, sufficiently informs applicants of their right to an attorney. Moreover, when read in context with the entire section on "right to appeal and a fair hearing" contained in Form PA 162,[4] applicants' rights are clear even to the most unsophisticated applicant.

---

[4] DPW's denial notice, PA-162, states in its entirety:

RIGHT TO APPEAL AND A FAIR HEARING

If you are not satisfied that the County Assistance Office has understood and considered all the facts in making its decision about your eligibility, or the amount of money you will receive, or if you feel you were treated unfairly, you or your representative have the right to ask for and have a fair hearing.

You may ask for a fair hearing by writing or talking to a staff member of your local County Assistance Office, or by writing directly to the Bureau of Assistance Policies and Standards, Department of Public Welfare, Health and Welfare Building, Harrisburg, Pennsylvania 17120.

Finally, Rankin argues that DPW must provide a hearing on the question of timeliness of his appeal. Under the facts of the present case, that argument is without merit. Rankin does not contest the fact that he had thirty days to appeal DPW's denial of assistance and that he did not do so. Therefore, we need not decide here whether a hearing would be appropriate in cases where there is a factual issue as to whether or not an appeal was timely filed.

Zani raises two additional issues: (1) She did not knowingly, intelligently and voluntarily waive her right to a hearing because she did not know of the time limits; and (2) DPW erred in failing to apply other relevant regulations.

As we discussed in the context of Rankin's appeal, above, applicants have no right to a special notice of the time limitation for appeal. *Walker, supra.*

Zani's second argument is also without merit. She argues that DPW Manual §3590.1(c) gives her up to six months in which to appeal.

---

You have the right to appear at the hearing in person and to be represented by a lawyer, if you so desire. You can ask a staff member of the County Assistance Office how to arrange for a lawyer to help you explain the facts at the hearing; or you can take a friend with you to the hearing to help present the facts.

Prior to the hearing, you or your representative have the right to examine all the information that the County Assistance Office will introduce as evidence in the hearing. In the hearing, an official who did not take part in the decision on your case will talk with you. You have the right to present evidence in your own behalf; to bring witnesses; and, to confront and cross-examine any person who is to be presented as a witness against you.

All the facts will be studied and a ruling will be made as to whether the decision of the County Assistance Office is in accordance with the Department's regulations or whether it should be changed.

Section 3590.1(c) states:[5]

When the County Office, administering agency and service provider fails to send written notice which was required of the action and of the right to appeal, or because of administrative error, ongoing delay or failure to take corrective action that should have been taken, *the time limit in paragraph 3590.1(b) does not apply.* (Emphasis supplied.)

Section 3590.1(b) states that an appeal must be taken within:

Sixty (60) days from the date of any decision or action by the County Assistance Office, administering agency and service provider *when they did not send written notice because such notice was not required,* or 60 days from the failure of the County Assistance Office to act. (Emphasis supplied.)

Because notice was sent to applicants, the thirty-day time limit, and not the sixty-day time limit set out above, applies.

Therefore, we conclude that DPW's decisions must be affirmed in these two cases.[6]

ORDER

AND Now, this 20th day of April, 1979, the order of the Hearing and Appeals Unit of the Department of Public Welfare, dated June 13, 1977, dismissing the

---

[5] At the time of Rankin's appeal to DPW, Section 3590.1(c) had been changed to Section 275.3(b)(3) and now is found at 55 Pa. Code §275.3(b)(3).

[6] DPW stated in its brief in the Rankin case that all notices to applicants were revised in early 1978 to include specific notice of the thirty-day appeal period and a listing of available legal services. However, DPW informs us, the old forms continue to be used until supplies are exhausted. We hope that we are able to avoid questions such as this in the future.

appeal of Cathy Zani, and the order of the Hearing and Appeals Unit of the Department of Public Welfare, dated November 23, 1977, dismissing the appeal of Kenneth E. Rankin, are affirmed.