Janice Visconto, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Re spondent.

Argued November 15, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL, sitting as a panel of three.

*Stephen F. Gold,* for petitioner.

*Catherine Stewart,* Assistant Counsel, for respondent.

Opinion by President Judge Crumlish, Jr., May 13, 1983:

Janice Visconto appeals a Department of Public Welfare (DPW) order dismissing her appeals. We affirm.

The Philadelphia County Board of Assistance terminated Visconto's benefits under the Aid to Families with Dependent Children program (AFDC) after Visconto failed to provide information re-establishing her eligibility. She was notified that she could appeal the termination within thirty days. She subsequently re-applied for, and received, benefits which were again terminated under similar circumstances. The DPW hearing officer dismissed her appeals as being untimely filed and rejected her assertion that the Board had lost previously-filed appeals. DPW affirmed.

Our review of a DPW adjudication is limited to determining whether the adjudication is supported by substantial evidence or is contrary to law, and whether the appellant's constitutional rights have been violated. *Montgomery County Child Welfare Services v. Hull,* 51 Pa. Commonwealth Ct. 1, 413 A.2d 757 (1980) (citing the Administrative Agency Law, 2 Pa. C. S. §704). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Gibson v. Department of Public Welfare,* 35 Pa. Commonwealth Ct. 27, 384 A.2d 1030 (1978).

Visconto argues that the hearing examiner's determination that her appeals were untimely is not supported by substantial evidence.[1] Based on our review of the record, however, we disagree. Although Visconto did present evidence to the contrary, this merely raises questions of the credibility and weight to be ac-

---

[1] The evidence essentially consisted of testimony by Board employees that no record of a timely, perfected appeal existed.

corded the respective evidence, questions which only the Department can resolve. *See Department of Health v. Howell,* 24 Pa. Commonwealth Ct. 42, 354 A.2d 21 (1976).

Affirmed.

ORDER

The order of the Department of Public Welfare in No. 920 503 C, dated April 1, 1980, is hereby affirmed.