St. Christopher's Hospital for Children, a Division of United Hospitals, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs April 6, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

114

*William G. Frey, Reed, Smith, Townsend & Munson,* for petitioner.

*Phillip B. Rosenthal,* Assistant Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., October 26, 1983:
This is an appeal from an order of the Department of Public Welfare (DPW) dismissing, on the basis of untimeliness, the administrative appeal taken by St. Christopher's Hospital for Children on behalf of a minor patient who was determined to be ineligible for medical assistance. St. Christopher's challenges DPW's action on due process grounds. Specifically, the hospital asserts that DPW unconstitutionally denied it a hearing on the issue of whether its administrative appeal was timely filed. St. Christopher's argues alternatively that, as there was a delay of six days between the determination of ineligibility and its receipt of notice of the decision,

the appeal period should run from the date it received notice of the determination of ineligibility rather than the date that the determination was made. Finally, St. Christopher's contends that even if the appeal is deemed to have been filed out of time, equitable considerations justify the granting of an appeal *nunc pro tunc*. Because we conclude that the hospital was entitled to an evidentiary hearing on the timeliness issue, we decline to reach the other questions.

While there is no evidentiary record, there appears to be little conflict between St. Christopher's and DPW with regard to much of the case history underlying this appeal. That history reveals that the hospital, on July 15, 1981, received from Mrs. Carol Jackson a power of attorney to act as her representative to obtain medical assistance benefits on behalf of her twelve-year old brother, Dwight Blunt, for whom she was legal guardian. Dwight was admitted to St. Christopher's on July 11, 1981, and remained there until his death on August 12, 1981. It is the hospital bill for medical services rendered during Dwight's month-long hospitalization that is the subject of the application for medical benefits.

The application for benefits was filed with the Philadelphia County Board of Assistance (CBA) on July 15, 1981. By a determination dated August 5, 1981, the CBA denied the claim on the basis of lack of verification of Dwight's income and assets. According to St. Christopher's, the determination was made because Mrs. Jackson, Dwight's guardian, failed to keep an interview at the CBA office. St. Christopher's received notice of the determination of ineligibility on August 11, 1981. In the weeks following receipt of the determination, St. Christopher's credit manager attempted to see that the necessary

income verification was provided by Mrs. Jackson. However, when such verifying information had not been provided by September 1, 1981, the hospital sent a letter of appeal to the CBA. September 1st was the twenty-seventh day of the thirty day appeal period.

The CBA office to which the appeal was sent is approximately two miles from the hospital. However, the CBA date-stamped the appeal as having been received on September 9, 1981, thirty-five days after the date of the adverse determination. Without holding a hearing on either timeliness or the merits of the claim, DPW's Office of Hearings and Appeals, on September 30, 1981, dismissed the appeal as untimely, stating: ''[t]he date of receipt is 35 days after the date of the notice, and therefore the appeal must be dismissed as untimely filed.''

We will first dispose of DPW's contention that its hearing examiner had no jurisdiction to hold a hearing on the issue of timeliness. DPW refers us to no authority to support this view, and we find none in the relevant statutes and regulations. Indeed, in some instances, the only way that a hearing examiner can determine whether he has jurisdiction over a case is to hold a hearing to determine the facts pertinent to whether a timely appeal was filed. *See Trant v. Department of Public Welfare,* 70 Pa. Commonwealth Ct. 52, 452 A.2d 590 (1982) (case remanded for DPW to hold hearing to determine whether misinformation supplied by caseworker affected claimant's decision not to file appeal within 30 days). In *Farrell Appeal,* 69 Pa. Commonwealth Ct. 32, 450 A.2d 266 (1982), a case very similar to this one, evidence was taken on the issue of timeliness of the appeal. The appellant in *Farrell* asserted that he mailed his zoning appeal four days before the filing deadline, but that due to a back-log in the prothonotary's

office during the Christmas holiday, his appeal was not time-stamped until three days after the deadline. In support of his claim, the appellant submitted deposition testimony of his counsel's secretary, who testified to the time and manner that she mailed the appeal. He also presented testimony of the deputy prothonotary, who attested to the back-log in the office over Christmas week, and to the probability that there was a 5-day delay in time-stamping mail received into the office. On the basis of that evidence, we held that the appellant had met his burden of showing a breakdown in the court's normal operation sufficient to prevent dismissal of the appeal. *Id.; see also Hanna v. Zoning Board of Adjustment of Pittsburgh*, 62 Pa. Commonwealth Ct. 620, 437 A.2d 115 (1981) (held that, as untimely appeal deprives court of jurisdiction, it was appropriate in zoning appeal for court to order hearing on timeliness of appeal). Thus there can be little doubt that the hearing examiner in the present case had authority to hold a hearing on timeliness. *See, e.g., Visconto v. Department of Public Welfare*, 74 Pa. Commonwealth Ct. 303, 459 A.2d 902 (1983); *Clark v. Department of Public Welfare*, 58 Pa. Commonwealth Ct. 142, 427 A.2d 712 (1981). Furthermore, we conclude that, under the circumstances in the instant case, the examiner was *required* to hold a hearing.

For more than a decade, it has been clear that due process standards apply to public assistance cases. *Goldberg v. Kelly*, 397 U.S. 254 (1970). An applicant for public benefits cannot be determined ineligible without adequate notice of the reason for rejection and "the opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case." *Walker v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 438, 440, 381 A.2d

1353, 1354 (1978); *see Sherbert v. Verner,* 374 U.S. 398 (1963). There is no question that when a welfare claimant is denied eligibility or has his benefits terminated, part of the process to which he is entitled is an evidentiary hearing. *Goldberg.* This is for the reason which was recognized in *Goldberg,* that "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." 397 U.S. at 269.

DPW correctly points out that a timely appeal is a prerequisite to the jurisdiction of the appellate authority. *Harris v. Department of Public Welfare,* 29 Pa. Commonwealth Ct. 348, 370 A.2d 1250 (1977). Thus, a claimant's interest in eligibility for public benefits is no less threatened by an erroneous or arbitrary decision to extinguish his right to appeal from an adverse decision than by an erroneous or arbitrary decision on the merits of his claim. We therefore believe that where a decision on the timeliness of an appeal turns on questions of fact, the claimant must be afforded an evidentiary hearing. *Cf. Zani v. Department of Public Welfare,* 42 Pa. Commonwealth Ct. 157, 400 A.2d 247 (1979) (held that claimant who did not contest fact that he failed to file his appeal within the deadline had no right to a hearing on the question of the timeliness of his appeal; but court reserved judgment on issue of whether "a hearing would be appropriate in cases where there is a factual issue as to whether or not an appeal was timely filed."). Since the timeliness of St. Christopher's appeal turns on factual determinations—among them, whether the appeal was mailed in a timely fashion, and whether the time-stamp on the appeal accurately reflects the date of receipt in CBA's office —this case must be remanded for purposes of afford-

ing St. Christopher's an opportunity to inspect relevant agency records and present evidence in support of its claim that the appeal was timely filed.

Accordingly, the order of the Department of Public Welfare is vacated, and the case is remanded for a hearing on the timeliness of the appeal.

### ORDER

AND Now, this 26th day of October, 1983, the decision of the Department of Public Welfare is reversed, the case remanded for further proceedings consistent with the foregoing opinion.