507 A.2d 1290

Richard P. Hobbs, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs November 12, 1985, to Judges ROGERS and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Richard P. Hobbs,* petitioner, for himself.

*Jean E. Graybill,* Assistant Counsel, for respondent.

OPINION BY JUDGE BARRY, April 18, 1986:

Richard P. Hobbs (petitioner) appeals a Final Administrative Action order of the Department of Public Welfare (DPW) denying him benefits under the Low Income Home Energy Assistance Program (LIHEAP).

On March 26, 1984, petitioner, a resident of York County, filed an application with the York County Assistance Office (CAO) for cash benefits under LIHEAP. Petitioner claims that at that time he was living in the basement of a home. He paid the rent directly to the landlord but he shared the heating costs with the other tenant who lived in the house. Since the basement did not have a separate electric meter, the bill for the entire house was in the other tenant's name. On April 4, 1984, petitioner moved to Dauphin County. He maintains he was forced to move because he had been unable to pay his share of the heating costs. On May 3, 1984, petitioner was notified that he was ineligible for benefits because be should have applied in the county where he was residing at the time of the application. He filed a timely appeal from that decision and a hearing was held on July 17, 1984.

The hearing officer opened the hearing by stating: "The issue as I understand it is a denial of payment for energy assistance because the appellant was not applying in the county in which he was residing." Everyone at the hearing agreed that this was the issue to be decided. However, the hearing officer's decision denying petitioner's appeal was based on entirely different

grounds. The appeal was denied because petitioner failed to clearly establish what portion of the heating bills he was responsible for paying. The hearing officer explained his decision to ignore the only issue before him by making the following statement in the adjudication: "Although the Hearing Officer is not in agreement with the CAO's decision regarding the reason for the appellant's ineligibility, in the interest of saving time and trouble, the Hearing Officer will deal with the substantive issue that came to light at the hearing."

This adjudication was affirmed in a final order issued by the DPW Executive Deputy Secretary where it is explained that petitioner is ineligible for benefits because he failed to substantiate his claim that he was, in fact, responsible for paying a portion of the other tenant's heating bills. It is casually noted in the order that it would have been to petitioner's benefit to reapply in his new county of residence. Petitioner filed a timely appeal to this Court.

In a comprehensive pro se brief petitioner raises a wide range of issues. In view of our disposition of this case, however, we need only consider the question of adequate notice of the issues involved. It has long been established that the constitutional guarantees of due process apply in public assistance cases. *Goldberg v. Kelly*, 397 U.S. 254 (1970). Notice and an opportunity to be heard clearly comprise minimum essential elements of due process. *Zani v. Department of Public Welfare*, 42 Pa. Commonwealth Ct. 157, 400 A.2d 247 (1978). In the case at hand petitioner was notified that his ineligibility was attributable only to his failure to apply in the county where he was residing. This was clearly not a valid reason for refusing to grant benefits. Petitioner did apply for benefits in the county where he was residing at the time he filed the application. The fact that he subsequently moved to a different county does

not in itself provide sufficient justification for denying him benefits.

Petitioner received absolutely no notice that his application was denied because he failed to properly substantiate his claim. We must, therefore, vacate DPW's final order which is based solely on that ground and remand for proceedings not inconsistent with this opinion.

ORDER

NOW, April 18, 1986, the Final Administrative Action Order of the Department of Public Welfare dated November 7, 1984 is vacated and the case is remanded for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.