# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gentex Corporation,      :
      Petitioner :
          :
   v.       : No. 1091 C.D. 2018
          : Argued: November 10, 2020
Department of Revenue,   :
     Respondent :


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge[1]
     HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE CHRISTINE FIZZANO CANNON
     HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON     FILED: January 22, 2021


    Before this Court is the Petition for Review of Gentex Corporation (Gentex) seeking review of the July 18, 2018 determination of the Department of Revenue's (Department) Board of Appeals (Board). In that determination, the Board concluded it lacked jurisdiction to hear Gentex's appeal from the Department's December 15, 2017 determination denying Gentex's application for a 2017 Research and Development Tax Credit (Tax Credit) as untimely filed.

---

[1] This case was assigned to the opinion writer before Judge Brobson succeeded Judge Leavitt as President Judge.

## I. Background

At the outset, we note that Gentex appealed the Department's denial of its Tax Credit application to the Board, which rejected it on jurisdictional grounds,[2] and therefore, no underlying record exists in this matter. *See* April 16, 2019 letter from William F. Gill IV, Esquire (Attorney for Gentex) to Michael Krimmel, Chief Clerk, now Prothonotary, of the Commonwealth Court of Pennsylvania. Unless otherwise noted, the underlying facts are not in dispute.

Gentex filed an application for the 2017 Tax Credit on September 18, 2017. Gentex's Am. Br., Ex. A. In a determination sent to Gentex, via letter dated December 15, 2017, the Department stated, in pertinent part:

> This letter acknowledges receipt of form REV-545 requesting a tentative [Tax Credit] for 2017 in the amount of $163,569. A review of the calculation and information submitted for 2012, 2013, 2014, 2015 and 2016 indicates the tentative [Tax Credit] for 2017 is zero.
>
> The 2017 REV-545 application was due on **9/15/2017**. Your application was received on **9/18/2017**. Since this application is deemed late, we have to reject the application. The information will still be recorded in our system to be referenced if you apply for the credit next year . . . .

Gentex's Br., Ex. B (emphasis added).

Subsequent to its receipt of the above letter, and as referenced above, Gentex filed a Board of Appeals Petition Form with the Board.[3] In a determination

---

[2] The Board's position was that there is no administrative appeal provision in law. Thus, it had/has no jurisdiction to hear Gentex's claim or to grant its requested relief. Gentex's Am. Br. at Ex. C.

[3] In its brief, Gentex states that it filed its Board of Appeals Petition Form with the Board on February 12, 2018. Gentex's Br. at 5. However, the "Joint Stipulations of Fact," executed by **(Footnote continued on next page…)**

sent to Gentex, via letter dated July 18, 2018, the Board advised Gentex, in pertinent part:

> the [Research and Development Tax Credit] Law, [Act of March 4, 1971, P.L. 6, *as amended*, added by the Act of May 7, 1997, P.L. 85], 72 P.S. §§8701-B[-8713-B], contains no provision for administrative appeals of any Departmental denial/adjustment of the credit. Without an expressed administrative appeal provision in the law, and with no general appeal provision in the Tax Reform or Fiscal Codes, any appeal is improperly filed with the [Board] and the Board has no jurisdiction to hear the claim or grant relief.
>
> As the Department's action has no further administrative review, it is considered a final determination of a governmental unit. Appeals from a final determination of a governmental unit are properly appealed directly to the Commonwealth Court, in accordance with Pa.R.A.P. 1501(a), 2 Pa.C.S. §5105 . . . .

Gentex's Br., Ex. C.

On August 17, 2018, Gentex filed a Petition for Review with this Court.[4]

---

the parties on November 27, 2019, indicates that this Form was filed on February 14, 2018. Gentex's Reply Br., Ex. A at 2 and Ex. C.

[4] "In reviewing an agency decision, our standard of review is restricted to determining whether there has been a constitutional violation, an error of law, or a violation of agency procedure, and whether necessary findings of fact are supported by substantial evidence." *Dep't of Lab. & Indus., Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd.*, 23 A.3d 511, 514 (Pa. 2011). As this matter involves statutory interpretation, it poses a question of law, therefore, this Court's "standard of review is *de novo* and [its] scope of review is plenary." *Id.* The Department acknowledges that the standard of review in the present matter would be *de novo*. However, it argues that this Court lacks any jurisdiction to review the contested December 15, 2017 letter because Gentex did not file its Petition for Review within 30 days of the Department's "Order." Department's Br. at 2. In addition, the Department asserts that this Court's review is impossible because no record was made before the Department or the Board. *Id.*

## II.    Arguments

## A. Gentex's Arguments

Gentex asserts that the Department's Notification Letter informing it of the September 15, 2017 application deadline was sent on September 13, 2017[5] – just two days earlier, thus "assuring it would be received by Gentex *after* the deadline had passed." Gentex's Am. Br. at 7 (emphasis in original). As such, Gentex argues, the Department violated its own procedures by failing to provide "timely and proper" notice of the filing deadline for the Tax Credit, and "Gentex's appeal should be granted on that basis." *Id*.

In addition, Gentex argues that the Department erred "when it failed to recognize the impact of improper notice of the filing deadline for the 2017 Tax Credit," adding that the Department violated its own "mandates to both provide equitable and uniform procedures to taxpayers and to notify the public of the procedures which the [D]epartment may use in enforcing tax law." Gentex's Am. Br. at 8. In support of its position, Gentex cites the Taxpayers' Bill of Rights (TBOR),[6] which it notes was passed by the Pennsylvania General Assembly, in 1996, to provide "'equitable and uniform procedures for the operation of the [Department] and for all taxpayers when dealing with the [D]epartment,'" and was "'intended as a minimum procedural code' for the [Department] to follow."[7] Gentex

---

[5] Gentex states that the Department's Notification Letter was dated September 1, 2017, but the postmark on the envelope enclosing it indicates that the Department did not send the letter to Gentex until September 13, 2017. Gentex's Br. at 9.

[6] Taxpayers' Bill of Rights, Act of December 20, 1996, P.L. 1504, No. 195, *as amended*, Act of March 4, 1971, P.L. 6, *as amended*, added by the Act of May 7, 1997, P.L. 85, 72 P.S. §§3310-101 - 3310-402.

[7] Section 102 of the TBOR, *i.e.*, the Legislative Intent section, states in its entirety:
**(Footnote continued on next page…)**

adds: "the Department is required to notify the public of the 'procedures which the [D]epartment may use and the remedies it may seek in enforcing tax law.'" *Id.* (quoting Sections 102 and 202 of the TBOR, 72 P.S. §§3310-102, 3310-202).

Gentex states that, once it received the Notification Letter from the Department, it took "immediate action" and filed its application for the Tax Credit on September 18, 2017 – one business day after the September 15, 2017 deadline,[8] adding that, in previous years, it had always filed its Tax Credit paperwork on time. Gentex's Am. Br. at 10-11.

Gentex argues that its delay in filing its appeal to this Court was due to the letters from the Department, "which, at best, negligently misled Gentex to file its appeal with the wrong tribunal. The Department's varying positions in this case show that it is not even clear to the Department itself what the proper procedure is for challenging this type of tax denial." Gentex's Reply Br. at 1. Accordingly, Gentex asserts that "'where an administrative body acts negligently, improperly or in a misleading way, an appeal *nunc pro tunc* may be warranted.'" Gentex's Reply Br. at 2 (quoting *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev. of Allegheny Cnty.*, 746 A.2d 581, 584 (Pa. 2000)). Gentex asserts that, here, "this Court should exercise jurisdiction *nunc pro tunc*, because the Department's own

---

It is the intent of the General Assembly to provide equitable and uniform procedures for the operation of the [Department] and for all taxpayers when dealing with the [D]epartment. In order to ensure the equitable administration of the tax law, the relative rights and responsibilities of citizens and of their State government should be clearly set forth and adhered to. This act is intended as a minimum procedural code, and the [Department] may adopt or grant additional procedures not inconsistent with this act.

Section 102 of the TBOR; 72 P.S. §3310-102.

[8] September 16-17, 2017, was a weekend.

negligence is the cause of Gentex's delay in filing its appeal." Gentex's Reply Br. at 2.

**B. The Department's Arguments**

The Department argues[9] that Gentex's Petition for Review was due to this Court on or before January 15, 2018, within 30 days of the December 15, 2017 denial letter, but that it was untimely filed months later. The Department acknowledges that, in limited circumstances, a party may be allowed to file an appeal *nunc pro tunc*. However, the Department notes that "'extraordinary circumstances'" relative to "fraud or a breakdown in the administrative or court process or in the non-negligent conduct of the party's attorney or his staff" must have caused the late filing, and here there was no evidence of such circumstances. Department's Br. at 7 (citing, and quoting in part, *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001)). Thus, the Department argues, Gentex's appeal is untimely, and this Court lacks jurisdiction to hear it. Department's Br. at 7. Further, the Department contends that Gentex's brief to this Court presents no arguments or objections to the Board's letter, and thus, any such arguments or objections are waived.

In addition, the Department maintains that, even if this Court disregards its jurisdiction and waiver arguments, Gentex failed to develop a record upon which relief could be granted, and this Court would need to deny Gentex any relief because "'for purposes of appellate review, what is not of record does not exist.'" Department's Br. at 10 (quoting *Commonwealth v. Holley*, 945 A.2d 241, 246 (Pa. Super. 2008) (citing and quoting *Rosselli v. Rosselli,* 750 A.2d 355, 359 (Pa. Super. 2000)).

**III. Discussion**

---

[9] We note here that the Department is represented in this matter by the Pennsylvania Office of Attorney General.

6

As a prelude to our evaluation of the arguments and our analysis of the facts and law at issue herein, it is important to first recognize some of the pertinent tenets of the TBOR and related guidance provided by the Department. Accordingly, we note that Section 201(a) of the TBOR states, in pertinent part: "[e]xcept as otherwise provided, the provisions of this act shall apply to **any tax** which is administered by the department . . . ." 72 P.S. §3310-201(a) (emphasis added).

Further, Section 202 of the TBOR states in pertinent part:

(a) Contents.--**The secretary shall prepare a statement which sets forth the following in simple and nontechnical terms**:
. . . .
(2) **The procedures by which a taxpayer may appeal or seek review of any adverse decision of the department, including administrative and judicial appeals.**
(3) **The procedure for filing and processing refund claims and taxpayer complaints and the time frames for departmental action**.
(4) The procedures which the department may use and the remedies it may seek in enforcing tax law.

(b) Distribution.--The statements prepared in accordance with this section shall be distributed by the secretary to all taxpayers the secretary contacts, other than by providing tax return forms, with respect to the determination or collection of any tax, the cancellation, revocation or suspension of a license, permit or registration or the denial of an application for a license, permit or registration. The secretary may take such actions as the secretary deems necessary to assure that distribution does not result in multiple statements being sent to any one taxpayer.

72 P.S. §3310-202 (emphasis added).

The Department's website includes a section about the TBOR entitled "Your Rights as a Taxpayer," which reads, in pertinent part, as follows:

Taxpayers have the right to challenge any of the [D]epartment's assessments. To appeal an assessment or certain decisions of the

7

[D]epartment, a taxpayer must file a petition with the Board of Appeals. For your specific appeal timeframe, please reference your notice . . . .

https://www.revenue.pa.gov/FormsandPublications/FormsforIndividuals/Taxpayer sRightsAdvocate/Documents/rev-554.pdf (last visited January 21, 2021).

The Department's website also includes a section entitled "Appeal Procedures," which reads, in pertinent part:

> To appeal any assessment or certain decisions of the [D]epartment or request a refund, a taxpayer must file an appeal with the [Board]. The general timeframe to file an appeal with the [Board] is 60 days from the mailing date of the notice. If a taxpayer is not satisfied with the decision of the [Board], they [sic] may file an appeal with the Board of Finance and Revenue. The general timeframe to file an appeal with the Board of Finance and Revenue is 60 days from the mailing date of the decision of the [Board]. To appeal that decision a taxpayer may file with the Commonwealth Court of Pennsylvania within 30 days of the mailing date of the decision of the Board of Finance and Revenue . . . .

Based on the language of the TBOR, in conjunction with the information provided on the Department's website, it does not seem unreasonable that a taxpayer would believe filing an appeal with the Board would be the proper first step for contesting an adverse decision from the Department.

In the present matter, the Department's December 15, 2017 denial letter offered no information to Gentex about its appeal rights or next steps to follow to contest the Department's determination. This Court has previously held that "the right to due process does not require an administrative agency to provide a party with notice of the right to appeal from the agency's decision **when the agency or the Legislature has provided a duly published procedure for a hearing or appeal**." *Wojciechowski v. Unemployment Comp. Bd. of Rev.*, 407 A.2d 142, 143-144 (Pa. Cmwlth. 1979) (emphasis added). However, in the absence of any guidance from the Department's Secretary on the "procedures by which a taxpayer may appeal

or seek review of any adverse decision of the department, including administrative and judicial appeals" or the "procedure for filing and processing . . . taxpayer complaints and the time frames for departmental action" relative to Tax Credit denials, where the Tax Credit law, itself, is silent on same, Gentex reasonably relied upon the TBOR and the guidance provided by the Department on its website. *See* Section 202(a)(2), (3), 72 P.S. §3310-202(a)(2), (3). Accordingly, after receiving the December 2017 denial letter from the Department, Gentex filed an appeal with the Board.

Approximately five months later, in a July 2018 letter, the Board responded to Gentex's appeal, stating there was "no general appeal provision in the Tax Reform or Fiscal Codes" and that Gentex's appeal was improperly filed with the Board, which "has no jurisdiction to hear the claim or grant relief." *See* Gentex's Br., Ex. C (July 18, 2018 letter from the Board to Gentex). This is also the point at which Gentex was informed that there was no administrative review of the December 2017 denial and that the denial was considered to be a final determination of a government unit, appealable to this Court.

The Department now argues that Gentex's Petition for Review was untimely filed because it was filed more than 30 days after the December 2017 decision denying the Tax Credit. In addition, the Department asserts that, even if this Court determines it has jurisdiction in the present matter, Gentex cannot prevail because there is no record to review on appeal.

Although it is true there is no record for us to review, the reason for that is due to the actions of the Department. The Department's Secretary did not fulfill the requirement of the TBOR by establishing "the procedures by which a taxpayer may appeal or seek review of any adverse decision of the [D]epartment, including

9

administrative and judicial appeals." Section 202(a)(2), 72 P.S. §3310-202(a)(2). In light of this, the Department takes the position that the lack of any established appeal provision left Gentex without any recourse, except a timely appeal to this Court. However, the Department did not provide Gentex with any sort of guidance as to "next steps" as part of its initial December 15, 2017 denial letter. In fact, the Department did not provide any suggestion about the route of appeal, until the Board sent its July 2018 letter to Gentex. Ironically, the Department now argues that when Gentex filed its Petition for Review with this Court, albeit within 30 days of receiving the Board's July 2018 letter, it was already too late.

The Department's position that a lack of an appeal process in the "Tax Reform or Fiscal Codes" does not absolve it of the responsibility to provide Gentex an opportunity to be heard and an opportunity to develop a record in regard to its claims prior to taking an appeal to this Court. Gentex's Br., Ex. C. The TBOR establishes just the opposite. Even in the absence of a stated methodology in the Tax Credit Law, the Secretary of the Department had an obligation, under the TBOR, to develop a procedure for an aggrieved taxpayer to appeal an adverse determination by the Department. Further, even if we are to accept the Department's argument that Gentex's appeal route was directly to this Court, the Department should have provided Gentex with notice of this in the December 15, 2017 denial letter. At a minimum, the Department should have provided notice to Gentex, at that point, that it considered the denial letter to be a final determination from a governmental unit, so that Gentex could have considered its appeal options, rather than wait to notify Gentex of this until, as the Department now argues, Gentex's appeal period had lapsed. We note here that "[i]t has . . . been held that notice of appeal procedures supplied by an administrative agency which misleads a party and results in the filing

10

of an untimely appeal may furnish adequate grounds for a *nunc pro tunc* appeal of the agency's decision." *Walker v. Unemployment Comp. Bd. of Rev.*, 381 A.2d 1353, 1354 (Pa. Cmwlth. 1978). This Court's pronouncement in *Walker* applies in the matter *sub judice*. The actions of the Department contributed to Gentex's understandable confusion. Thus, it is not appropriate for the Department now to take the position that Gentex is out of time when, in fact, Gentex filed its Petition for Review with this Court within 30 days of learning from the Board that the December 2017 denial letter constituted the Department's final determination. If Gentex was late, it was late because of misdirection from the Department. Accordingly, Gentex had, and has, "adequate grounds for a *nunc pro tunc* appeal of the agency's decision." *Walker*, 381 A.2d at 1354.

It is clear that Gentex was denied an administrative appeal process, pursuant to the TBOR. Thus, we remand this matter to the Department in order for it to offer Gentex an opportunity to be heard and to develop a record which, if necessary, can be reviewed as part of any future appeal to this Court. Because we determine that Gentex was denied the opportunity to be heard and the opportunity for a record to be developed at the governmental unit, *i.e.*, departmental level, we do not reach the remaining issues raised herein. We pass no judgment, at this juncture, on the merits of Gentex's petition for review.

## IV. Conclusion

For the aforementioned reasons, we vacate the determination of the

Board and remand to the Department for further proceedings consistent with this Opinion and with the letter and legislative intent of the TBOR.


_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gentex Corporation,            :
              Petitioner   :
                             :
       v.                  :  No.  1091 C.D. 2018
                             :
Department of Revenue,     :
             Respondent :

## **O R D E R**

**AND NOW**, this 22nd day of January 2021, we **VACATE** the determination of the Department of Revenue's Board of Appeals and **REMAND** this matter to the Department of Revenue for further proceedings in accordance with the foregoing Opinion.

Jurisdiction relinquished.

_____
J. ANDREW CROMPTON, Judge